# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BMO HARRIS BANK N.A., | ) |
| Plaintiff, | ) Case No. 3:21-CV-05056-DPR |
| v. | ) |
| 3FC INVESTMENTS, L.L.C., | ) |
| BRANDON FREED, | ) |
| RONALD FREED, | ) |
| SCOTT COOPER, | ) |
| TONY FORSON, | ) |
| Defendants. | ) |

## DEFENDANT RONALD FREED'S ANSWER TO PLAINTIFF BMO HARRIS BANK N.A.'S COMPLAINT, AND CROSSCLAIMS

COMES NOW Defendant Ronald Freed, by and through his attorney of record, Chris M. Troppito of Troppito Miller Griffin, LLC, and for his answer to Plaintiff BMO Harris Bank N.A.'s ("Plaintiff") Complaint, respectfully states as follows:

## PARTIES

1. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

2. With respect to paragraph 2 of Plaintiff's Complaint, Defendant Ronald Freed denies that he is an owner of Defendant 3FC Investments, L.L.C., or Plaintiff's claims regarding

1

citizenship. Defendant Ronald Freed admits the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint, and therefore denies the same.

4. Defendant Ronald Freed admits that he is an individual, but denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

## STATEMENT OF FACTS

### *Loan and Security Agreement 1(0001)*

7. Defendant Ronald Freed denies that 3FC entered into the alleged loan agreement with Plaintiff, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

11. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

12. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

### *Loan and Security Agreement 2(0002)*

16. Defendant Ronald Freed denies that 3FC entered into the alleged loan agreement with Plaintiff, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint, and therefore denies the same.

19. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

20. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint, and therefore denies the same.

23. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint, and therefore denies the same.

24. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint, and therefore denies the same.

*Continuing Guaranties- Brandon*

25. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint, and therefore denies the same.

26. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

27. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint, and therefore denies the same.

*Continuing Guaranty- Ronald*

28. Defendant Ronald Freed admits that he entered into the continuing guaranties with Plaintiff, but denies the remaining allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant Ronald Freed denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant Ronald Freed denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

### *Continuing Guaranty- Scott*

31. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint, and therefore denies the same.

32. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32 of Plaintiff's Complaint, and therefore denies the same.

33. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint, and therefore denies the same.

### *Continuing Guaranty- Tony*

34. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint, and therefore denies the same.

35. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint, and therefore denies the same.

36. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint, and therefore denies the same.

## COUNT I: BREACH OF CONTRACT (3FC INVESTMENTS, L.L.C.)

37. Defendant Ronald Freed adopts and incorporates by reference each and every statement, allegation and response contained in the preceding paragraphs of this pleading as if fully set forth herein.

38. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 38 of Plaintiff's Complaint, and therefore denies the same.

39. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint, and therefore denies the same.

40. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint, and therefore denies the same.

## COUNT II: CONTINUING GUARANTIES (BRANDON FREED)

41. Defendant Ronald Freed adopts and incorporates by reference each and every statement, allegation and response contained in the preceding paragraphs of this pleading as if fully set forth herein.

42. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint, and therefore denies the same.

43. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of Plaintiff's Complaint and therefore denies the same.

44. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44 of Plaintiff's Complaint, and therefore denies the same.

45. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 45 of Plaintiff's Complaint, and therefore denies the same.

46. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of Plaintiff's Complaint, and therefore denies the same.

## COUNT III: CONTINUING GUARANTIES (RONALD FREED)

47. Defendant Ronald Freed adopts and incorporates by reference each and every statement, allegation and response contained in the preceding paragraphs of this pleading as if fully set forth herein.

48. Paragraph 48 of Plaintiff's Complaint is a legal conclusion for which no response is required. To the extent the Court deems a response required, Defendant Ronald Freed denies the allegations contained in paragraph 48.

49. Paragraph 49 of Plaintiff's Complaint is a legal conclusion for which no response is required. To the extent the Court deems a response required, Defendant Ronald Freed denies the allegations contained in paragraph 49.

50. Defendant Ronald Freed denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendant Ronald Freed denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendant Ronald Freed denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

### COUNT IV: CONTINUING GUARANTIES (SCOTT COOPER)

53. Defendant Ronald Freed adopts and incorporates by reference each and every statement, allegation and response contained in the preceding paragraphs of this pleading as if fully set forth herein.

54. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 54 of Plaintiff's Complaint, and therefore denies the same.

55. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 55 of Plaintiff's Complaint, and therefore denies the same.

56. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 56 of Plaintiff's Complaint, and therefore denies the same.

57. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 57 of Plaintiff's Complaint, and therefore denies the same.

58. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 58 of Plaintiff's Complaint, and therefore denies the same.

## COUNT V: CONTINUING GUARANTIES (TONY FORSON)

59. Defendant Ronald Freed adopts and incorporates by reference each and every statement, allegation and response contained in the preceding paragraphs of this pleading as if fully set forth herein.

60. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 60 of Plaintiff's Complaint, and therefore denies the same.

61. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 61 of Plaintiff's Complaint, and therefore denies the same.

62. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 62 of Plaintiff's Complaint, and therefore denies the same.

63. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 63 of Plaintiff's Complaint, and therefore denies the same.

64. Defendant Ronald Freed lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 64 of Plaintiff's Complaint, and therefore denies the same.

## AFFIRMATIVE DEFENSES

65. Plaintiff has failed to state a claim upon which relief can be granted.

66. Plaintiff lacks standing to file this complaint: The subject notes were entered into by 3FC Investments, L.L.C. and GE Capital Commercial Inc. The subject guarantees were

entered into by the guarantors and GE Capital Commercial Inc. Plaintiff fails to plead that the subject notes and guarantees were assigned to Plaintiff, or provide any documentary evidence of an assignment.

67. Failure to mitigate damages/contributory negligence/estoppel/release/waiver: Plaintiff failed to sell the collateral, and/or failed to sell the collateral at a commercially reasonable sale and/or for a commercially reasonable price.

68. Payment/estoppel/accord & satisfaction/release/waiver/setoff: Some or all of the alleged debt has been paid in full, or will be paid in full when the collateral is sold.

69. Plaintiff has failed to state a cause of action upon which relief can be granted/release/waiver/estoppel: Plaintiff did not rely on the personal guaranty of Defendant Ronald Freed.

70. Lack of consideration or inadequate consideration: The personal guaranties lack any consideration, or the consideration is inadequate, as to Defendant Ronald Freed. Defendant Ronald Freed did not gain or receive any benefit whatsoever from signing the subject personal guaranty.

71. Defendant Ronald Freed reserves the right to amend his affirmative defenses as they are discovered throughout the course of this litigation.

WHEREFORE Defendant Ronald Freed. having fully answered Plaintiff's Complaint, prays for the relief set forth herein in Defendant Ronald Freed's Crossclaim, for its costs herein and for such other and further relief as the Court deems just and proper.

11

Case 3:21-cv-05056-DPR   Document 19   Filed 09/09/21   Page 11 of 19

# DEFENDANT RONALD FREED'S CROSSCLAIMS AGAINST DEFENDANTS SCOTT COOPER AND TONY FORSON

COMES NOW Defendant/Crossclaim Plaintiff Ronald Freed ("Ronald Freed"), by and through its attorney of record, Chris M. Troppito, of Troppito Miller Griffin, LLC, and for its Crossclaims against Defendants/Crossclaim Defendants Scott Cooper and Tony Forson, respectfully states to the Court:

## JURISDICTION AND VENUE

72. Defendant/Crossclaim Defendant Scott Cooper ("Crossclaim Defendant Cooper") is an individual residing at 215 Crestview, Seneca, Missouri 64865.

73. Defendant/Crossclaim Defendant Tony Forson ("Crossclaim Defendant Forson") is an individual residing at 2910 E. Wickersham Rd., Joplin, Missouri 64801.

74. This Court has personal and subject matter jurisdiction over the claims, and venue is proper in this judicial district pursuant to Federal Rule of Civil Procedure 13 (g) as the crossclaims arise out of the transaction or occurrence that is the subject matter of Plaintiff's claims, and the Crossclaim Defendants are all residents of the State of Missouri.

## ALLEGATIONS COMMON TO ALL COUNTS

75. Ronald Freed adopts and incorporates by reference each and every statement, allegation and response contained in the preceding paragraphs of this pleading as if fully set forth herein.

76. On or about August 22, 2016, Ronald Freed and Crossclaim Defendants Scott Cooper and Tony Forson (collectively referred to as "Crossclaim Defendants") entered into a Stock and Membership Unit Purchase Agreement ("Purchase Agreement") whereby Ronald Freed would sell his entire membership interest (25%, as represented by 100 membership units) in Defendant 3FC Investments, L.L.C. ("Ownership Interest") to

12

Crossclaim Defendants. *See* Purchase Agreement, pg. 1, attached hereto as Exhibit A, and fully incorporated herein.

77. Pursuant to the terms of the Purchase Agreement, Crossclaim Defendants were also to assume Ronald Freed's liabilities and obligations under the contracts, leases, instruments, and other commitments incurred in the ordinary course of business of Defendant 3FC Investments, L.L.C, including but not limited to obtaining Ronald Freed's release from all obligations to and guaranties incurred in the ordinary course of business of Defendant 3FC Investments, L.L.C. *See* Exhibit A, ¶4.

78. One of the liabilities and obligations that Crossclaim Defendants were to assume was Ronald Freed's guarantees that are the subject of this lawsuit.

79. Pursuant to the terms of the Purchase Agreement, Ronald Freed shall have no responsibility or liability whatsoever for any disclosed past, or any present or future liabilities or obligations arising out of the businesses of 3FC Investments, L.L.C., all of which liabilities and obligations shall, with the purchase by Crossclaim Defendants of Ronald Freeds' outstanding stock and membership units, be assumed and discharged by 3FC Investments, L.L.C. or by Crossclaim Defendants, and Crossclaim Defendants agreed to indemnify Ronald Freed for any liability or expenses including attorney's fees which Ronald Freed may incur in connection therewith. *See* Exhibit A, ¶6(b).

80. Pursuant to the terms of the Purchase Agreement, Crossclaim Defendants agreed to indemnify and hold harmless Ronald Freed from and against any and all losses, liabilities, claims, damages and expenses including reasonable attorneys' fees suffered by Ronald Freed as a result of any breach by Crossclaim Defendants of the covenants and agreements within the Purchase Agreement. *See* Exhibit A, ¶12.

81. Ronald Freed performed every obligation of his that is required by the Purchase Agreement.

82. Crossclaim Defendants failed to assume Ronald Freed's liabilities for all contracts, leases, instruments and other commitments incurred by Defendant 3FC Investments, L.L.C., including but not limited to any liability Ronald Freed may have to Plaintiff on the subject notes and guarantees. *See* Exhibit A, ¶4.

## COUNT I- CROSSCLAIM FOR BREACH OF CONTRACT

83. Ronald Freed adopts and incorporates by reference each and every statement, allegation and response contained in the preceding paragraphs of this pleading as if fully set forth herein.

84. On or about August 22, 2016, Ronald Freed and Crossclaim Defendants entered into the Purchase Agreement as described above. *See* Exhibit A, pg. 1.

85. In exchange and consideration for Ronald Freed's Ownership Interest, Crossclaim Defendants agreed to assume Ronald Freed's liabilities and obligations under the contracts, leases, instruments, and other commitments incurred in the ordinary course of business of Defendant 3FC Investments, L.L.C, including but not limited to obtaining Ronald Freed's release from all obligations to and guaranties incurred in the ordinary course of business of Defendant 3FC Investments, L.L.C. *See* Exhibit A, ¶4.

86. One of the liabilities and obligations that Crossclaim Defendants were to assume was Ronald Freed's guarantees that are the subject of this lawsuit.

87. Pursuant to the terms of the Purchase Agreement, Ronald Freed shall have no responsibility or liability whatsoever for any disclosed past, or any present or future liabilities or obligations arising out of the businesses of 3FC Investments, L.L.C., all of

14

Case 3:21-cv-05056-DPR   Document 19   Filed 09/09/21   Page 14 of 19

which liabilities and obligations shall, with the purchase by Crossclaim Defendants of Ronald Freeds' outstanding stock and membership units, be assumed and discharged by 3FC Investments, L.L.C. or by Crossclaim Defendants, and Crossclaim Defendants agreed to indemnify Ronald Freed for any liability or expenses including attorney's fees which Ronald Freed may incur in connection therewith. *See* Exhibit A, ¶6(b).

88. Crossclaim Defendants also agreed to indemnify and hold harmless Ronald Freed from and against any and all losses, liabilities, claims, damages and expenses including reasonable attorneys' fees suffered by Ronald Freed as a result of any breach by Crossclaim Defendants of the covenants and agreements within the Purchase Agreement. *See* Exhibit A, ¶12.

89. All parties were capable of performing their contractual obligations under the Purchase Agreement.

90. Adequate consideration for the Purchase Agreement was given by all parties.

91. All parties had mutual obligations required by the Purchase Agreement.

92. Ronald Freed transferred all of his Ownership Interest pursuant to the Purchase Agreement.

93. Ronald Freed has performed all conditions precedent to Crossclaim Defendants' obligation to assume Ronald Freed's liabilities and obligations for the transfer of his Ownership Interest under the Purchase Agreement with Crossclaim Defendants, and to indemnify and hold harmless Ronald Freed from and against any and all losses, liabilities, claims, damages and expenses including reasonable attorneys' fees suffered by Ronald Freed as a result of any breach by Crossclaim Defendants of the covenants and agreements within the Purchase Agreement.

94. Ronald Freed's guarantees that are the subject of this lawsuit, if valid, are obligations and guaranties incurred in the ordinary course of business of Defendant 3FC Investments, L.L.C.

95. Plaintiff has brought the above-captioned lawsuit, asserting claims which arise out of the contracts and guaranties entered into on behalf of Defendant 3FC Investments, L.L.C.

96. To date, Crossclaim Defendants have failed to protect and indemnify Ronald Freed from and against the claims asserted by Plaintiff, and they are liable to Ronald Freed for all of the claims asserted in the underlying action asserted by Plaintiff.

97. Crossclaim Defendants now owe and are justly indebted to Ronald Freed for his attorney's fees and costs that have accrued and are continuing to accrue in this lawsuit, and for any amount that may be awarded to Plaintiff and against Ronald Freed in this lawsuit.

98. Crossclaim Defendants' failure to assume certain debts and liabilities for the transfer of Ronald Freed's Ownership Interest, and failure to indemnify and hold Ronald Freed harmless, is a material breach of Crossclaim Defendants' Purchase Agreement with Ronald Freed.

99. Ronald Freed is entitled to an award of damages from Crossclaim Defendants, including, but not limited to, the costs incurred as result of Crossclaim Defendants' breach of the Purchase Agreement, attorney's fees and costs for having to defend this action brought by Plaintiff BMO Harris Bank N.A., and for any amount that may be awarded to Plaintiff and against Ronald Freed in this lawsuit.

WHEREFORE, Ronald Freed prays judgment against Crossclaim Defendants in an amount to be determined at trial, plus post-judgment interest, and for his costs, attorney's fees, and such other legal and equitable relief as the Court deems just and proper.

**COUNT II- CROSSCLAIM FOR INDEMNIFICATION**

100. Ronald Freed adopts and incorporates by reference each and every statement, allegation and response contained in the preceding paragraphs of this pleading as if fully set forth herein.

101. In exchange and consideration for Ronald Freed's Ownership Interest, Crossclaim Defendants agreed to assume Ronald Freed's liabilities and obligations under the contracts, leases, instruments, and other commitments incurred in the ordinary course of business of Defendant 3FC Investments, L.L.C, including but not limited to obtaining Ronald Freed's release from all obligations to and guaranties incurred in the ordinary course of business of Defendant 3FC Investments, L.L.C. *See* Exhibit A, ¶4.

102. One of the liabilities and obligations that Crossclaim Defendants were to assume was Ronald Freed's guarantees that are the subject of this lawsuit.

103. Pursuant to the terms of the Purchase Agreement, Ronald Freed shall have no responsibility or liability whatsoever for any disclosed past, or any present or future liabilities or obligations arising out of the businesses of 3FC Investments, L.L.C., all of which liabilities and obligations shall, with the purchase by Crossclaim Defendants of Ronald Freeds' outstanding stock and membership units, be assumed and discharged by 3FC Investments, L.L.C. or by Crossclaim Defendants, and Crossclaim Defendants agreed to indemnify Ronald Freed for any liability or expenses including attorney's fees which Ronald Freed may incur in connection therewith. *See* Exhibit A, ¶6(b).

104. Crossclaim Defendants also agreed to indemnify and hold harmless Ronald Freed from and against any and all losses, liabilities, claims, damages and expenses including reasonable attorneys' fees suffered by Ronald Freed as a result of any breach by Crossclaim Defendants of the covenants and agreements within the Purchase Agreement. *See* Exhibit A, ¶12.

105. Plaintiff has brought the above-captioned lawsuit, asserting claims which arise out of the contracts and guaranties entered into on behalf of Defendant 3FC Investments, L.L.C.

106. To date, Crossclaim Defendants have failed to protect and indemnify Ronald Freed from and against the claims asserted by Plaintiff, and they are liable to Ronald Freed for all of the claims asserted in the underlying action asserted by Plaintiff.

107. Ronald Freed is entitled to an award of damages from Crossclaim Defendants, including, but not limited to, the costs incurred as result of Crossclaim Defendants' breach of the Purchase Agreement, attorney's fees and costs for having to defend this action brought by Plaintiff BMO Harris Bank N.A., and for any amount that may be awarded to Plaintiff and against Ronald Freed in this lawsuit.

WHEREFORE, Ronald Freed prays judgment against Crossclaim Defendants in an amount to be determined at trial, plus post-judgment interest, and for his costs, attorney's fees, and such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

Troppito Miller Griffin, LLC

By:*/s/ Chris M. Troppito*
Chris M. Troppito    #51219
Grant E. Berning     #72708
105 East Fifth Street, Suite 500
Kansas City, MO 64106
(T) 816.221.6006
(F) 816.221.6446
cmt@troppitomiller.com
gb@troppitomiller.com
ATTORNEYS FOR DEFENDANT
RONALD FREED

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 9, 2021 a true and correct copy of the foregoing Defendant Ronald Freed's Answer to Plaintiff BMO Harris Bank N.A.'s Complaint, and Crossclaims was filed with the court's electronic filing system, which automatically sends notice to all parties in compliance with Court Rules, and via U.S. Mail, postage prepaid to the following parties at their last known address:

3FC Investments, L.L.C.
621 South Centennial
Webb City, MO 64870
DEFENDANT

Scott Cooper
215 Crestview
Seneca, Missouri 64865
DEFENDANT

Tony Forson
2910 E. Wickersham Rd.
Joplin, Missouri 64801
DEFENDANT

*/s/Chris M. Troppito*
Chris M. Troppito